UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DUANE MILLER and DAWNELL MILLER, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOAN SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP, BANK OF AMERICA CORPORATION, AND RECONSTRUST COMPANY, N.A., <br><br> Defendants. | Case No.: CV 11-00199-EJL-REB <br><br> **ORDER RE: DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE** <br><br> (Docket No. 9) <br><br> **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS** <br><br> (Docket No. 8) |

Currently pending before the Court is Defendants' unopposed Motion to Dismiss (Docket No. 8). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Report and Recommendation:

## I. BACKGROUND

On December 20, 2006, Plaintiffs obtained a $148,000 loan to purchase residential property at 1204 Syringa Place, Nampa, Idaho 83686. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 8, Att. 1). Plaintiffs executed a promissory note, secured by a Deed of Trust on the property in favor of MortgageIt, Inc. *See id.* The Deed of Trust was recorded on January 4, 2007 and identified Mortgage Electronic Registration Systems, Inc. as the beneficiary and "nominee for lender, and the lender's successors and assigns." *See id.*; *see also* Pls.' Compl. at ¶ 3 (Docket No. 1).

**REPORT AND RECOMMENDATION/ORDER - 1**

Plaintiffs later defaulted on their house payments and, on November 29, 2010, ReconTrust Company, N.A. ("ReconTrust"), as trustee,[1] recorded a Notice of Default. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 8, Att. 1).  On April 15, 2011, three days before the scheduled sale of their property, Plaintiffs brought a "Complaint for Wrongful Foreclosure" in Idaho state court, generally alleging the following: (1) the foreclosure was procedurally improper, (2) the mortgage [deed of trust] agreement is invalid, (3) Plaintiffs never received legally-required disclosures, and (4) Defendants engaged in fraudulent conduct.  *See id.* at p. 1.[2]

On May 5, 2011, Defendants removed the action to federal court and, on May 26, 2011, Defendants moved to dismiss all alleged causes of action in Plaintiffs' Complaint for Wrongful Disclosure.  *See* Defs.' Mot. to Dismiss (Docket No. 8).

On May 27, 2011, this Court issued a *Notice to Pro Se Litigants of the Summary Judgment Rule Requirements*, stating in part:

- When the Defendant/Respondent has filed a Rule 56 motion for summary judgment or a Rule 12 motion to dismiss that will be treated as one filed under Rule 56, you must file a response opposing that motion within 21 days

---

[1]  Documents transferring the beneficial interest in the Deed of Trust and the Note to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, and naming ReconTrust as successor trustee were also recorded on November 29, 2010.  *See* Defs.' Mem. in Supp. of Mot. to dismiss, pp. 2-3 (Docket No. 8, Att. 1).

[2]  Also on April 15, 2011, Plaintiffs filed an Emergency Motion for Temporary Injunction as to Sale of Real Property.  *See* Emergency Mot. for Temp. Inj. as to Sale of Real Property (Docket No. 7, Att. 2).  On April 18, 2011, Third Judicial District Judge Thomas J. Ryan denied Plaintiffs' Motion, finding that Plaintiffs' Complaint "does not clearly set forth facts which would appear to support the claim for relief.  In other words, the [P]laintiffs have not shown that there exists a substantial likelihood that they will prevail in this matter."  *See* Order Upon Consideration of Pls.' Emergency Mot. for Temp. Inj., p. 4 (Docket No. 7, Att. 2).

**REPORT AND RECOMMENDATION/ORDER - 2**

       after the date the motion was mailed to you as noted on the certificate of mailing, or within such other time period set by the Court.

- Please be advised that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), your failure to file a response will constitute your consent to the Court granting the motion. If this occurs, the Court will consider the motion, and, if it has merit, it will dismiss some or all of your claims. If all of your claims are dismissed, judgment will be entered against you and your case will be closed without a trial or evidentiary hearing.

*See* Notice (Docket No. 10).

Plaintiffs did not respond to Defendants' Motion to Dismiss; accordingly, on June 22, 2011, the undersigned notified and ordered Plaintiffs "**to respond to Defendants' Motion to Dismiss on or before July 8, 2011, or this action may be dismissed without further notice**." *See* Notice and Order (Docket No. 12) (emphasis in original). Again, Plaintiffs did not respond. To date, Plaintiffs have not responded to Defendants' Motion to Dismiss.

## II. REPORT/ANALYSIS

### A.    Idaho Local Civil Rule 7.1: Failure to Comply with Rules of Motion Practice

Pursuant to Idaho's Local Civil Rules, Plaintiffs' failure to respond to Defendants' Motion to Dismiss arguably represents Plaintiffs' consent to the relief Defendants now seek. Indeed, Idaho Local Civil Rule 7.1(e)(1) states in relevant part:

> Except as provided in subpart (2) below,[3] if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application.

*See* Dist. Idaho Loc. Civ. R. 7.1(e)(1); *see also Wystrach v. Ciachurski*, 2008 WL 467692, *2 (9th Cir. February 20, 2008) (unpublished) (considering similar Arizona Local Rule and refusing

---

    [3] Idaho Local Civil Rule 7.1(e)(2) speaks to a non-moving party's failure to timely file any response documents pursuant to Federal Rule of Civil Procedure 56's summary judgment practice. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(2).

**REPORT AND RECOMMENDATION/ORDER - 3**

"to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule."). Idaho Local Civil Rule 7.1(e)(1) will naturally be taken into account when cross-referenced against the motion to dismiss standard.

B.     **Motion to Dismiss: The Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12 motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the U.S. Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). First, the tenet that a

**REPORT AND RECOMMENDATION/ORDER - 4**

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id*.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id*.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Still, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[4]  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail, but whether he "is entitled to offer evidence to support the claims." *See Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007).

---

[4] The Court acknowledges the uncertainty that has arisen about the continued viability of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."  Given *Twombly* and *Iqbal's* implicit if not outright rejection of the liberal pleading standards adopted by *Conley*, at least on the facts of those two cases, a question arises whether the liberal amendment policy of *Harris v. Amgen* still exists.  Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*.  *See Market Trading, Inc. V. AT &T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (unpublished).

**REPORT AND RECOMMENDATION/ORDER - 5**

C.   **As Alleged, Plaintiffs Complaint for Wrongful Foreclosure Fails to State Cognizable Claims Against Defendants**

Plaintiffs' Complaint for Wrongful Foreclosure ("Complaint") does not clearly delineate the claims against Defendants or, for that matter, the predicate facts needed to support those claims.  Defendants have attempted to categorize the Complaint into particular causes of action so that they can frame their Motion to Dismiss, and the Court is mindful that the task of doing so is a difficult one because of the scattered and imprecise nature of the Complaint.

However, the Plaintiffs have made no response whatsoever to either the characterization of their claims, or the arguments raised by Defendants in support of the Motion that seeks to have them dismissed.  In that setting (and without any apparent reason to do otherwise based upon its own reading of the Complaint), the Court will accept the framing of the claims presented by Defendants, and presume for these purposes that Plaintiffs have raised claims for (1) breach of contract, (2) wrongful foreclosure, (3) fraud, (4) Truth in Lending Act ("TILA") violations, (5) Real Estate Settlement Practices Act ("RESPA") violations, (6) Fair Debt Collection Practices Act ("FDCPA") violations, and (7) Fair Credit Billing Act ("FCBA") violations.

Defendants move to dismiss each of these potential claims, arguing that "Plaintiffs' Complaint is impermissibly vague, devoid of particular facts, and describes no wrongdoing whatsoever by Defendants."  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 19 (Docket No. 8, Att. 1).[5]  Each claim is addressed below.

---

[5]   To provide documentary support to their Motion to Dismiss, Defendants request that the Court take judicial notice of the applicable (1) Deed of Trust, (2) Notice of Default, (3) Corporation Assignment of Deed of Trust, (4) Appointment of Successor Trustee, and (5) Trustee's Deed.  *See* Defs.' Mot. to Take Judicial Notice (Docket No. 9).  Each of these documents is recorded in the public records of Canyon County, Idaho (*see* McConnell Aff. at

**REPORT AND RECOMMENDATION/ORDER - 6**

1.      Breach of Contract

To the extent Plaintiffs claim that Defendants breached any contract by virtue of Defendants' alleged failure to produce the original note as a precondition to foreclosure, that claim fails. First, Plaintiffs have not alleged their own performance under any applicable contract, including the loan agreement. *See id*. at p. 6 (citing *Vista Eng'g Technologies, LLC v. Premier Tech., Inc.*, 2010 WL 2103960 (D. Idaho May 25, 2010)). Second, any contract modification inuring to Plaintiffs' benefit as obligors under the loan agreement[6] must be in writing and subscribed by Defendants. *See id*. at pp. 6-7. No such endorsement existed here.

Plaintiffs offer no response to these arguments. Therefore, to the extent that Plaintiffs have raised a breach of contract claim against Defendants, it should be dismissed. Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

2.      Wrongful Foreclosure

According to Defendants, Plaintiffs appear to claim that the foreclosure is invalid because (1) ReconTrust has no authority to foreclose, (2) Defendants cannot produce a mortgage

---

¶¶ 3(A)-3(E) (Docket No. 9, Att. 1)) and, thus, this Court may accordingly take judicial notice of same. *See Reed v. Bank of Am. Corp.*, 2011 WL 2650012, *1 (D. Idaho 2011) (unpublished) (taking judicial notice of deed of trust and trustee's deed under FRE 201 as "matters of public record") (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Additionally, these same documents are explicitly and/or implicitly referenced within Plaintiffs' Complaint such that their formal integration within Defendants' Motion to Dismiss does not convert it into a motion for summary judgment. *See U.S. v. Ibrahim*, 522 F.3d 1003, 1006 (9th Cir. 2008). Finally, as with Defendants' Motion to Dismiss, Plaintiffs offer no objection to Defendants' Motion to Take Judicial Notice, suggesting Plaintiffs' consent to the requested relief. *See supra* at pp. 3-4. For these reasons, the Court grants Defendants' Motion to Take Judicial Notice.

[6] Plaintiffs contend that, when Defendants did not produce the original "wet ink" note in response to Plaintiffs' correspondence, Defendants agreed (1) "to provide the original unaltered wet ink signature contract in order to receive Tender of Payment"; (2) to pay $444,000 in "treble damages"; and (3) "not to proceed with any collection or court cases." *See* Pls.' Compl. at ¶¶ 39-42 (Docket No. 1).

**REPORT AND RECOMMENDATION/ORDER - 7**

note, (3) there is no power of sale, (4) there is no contract between Plaintiffs and Defendants, and (5) Defendants failed to comply with the Idaho statutory requirements of non-judicial foreclosure. *See id.* at p. 7 (citing Pls. Compl. at ¶¶ 6-16 (Docket No. 1)).  In response, Defendants ask the Court to take judicial notice of certain of the real estate transaction's documents and then argue that such documents evidence compliance with Idaho non-judicial foreclosure law under Idaho Code sections 45-1505 and 45-1506.  *See id.* at pp. 7-8 ("The deed of trust, recorded on January 4, 2007, states, 'the borrower irrevocably grants and conveys to trustee in trust with power of sale . . . .'  Plaintiffs were in default and a Notice of Default was recorded on Nov[ember] 29, 2010 by ReconTrust as trustee.  ReconTrust was named successor trustee in a document also recorded on Nov[ember] 29, 2010.  In that capacity, ReconTrust noticed a trustee's sale of the Property on December 17, 2010 and subsequently sold the Property to the highest bidder on April 18, 2011.  Plaintiffs admit they received notice of the trustee's sale.").

Plaintiffs offer no response to these arguments. Therefore, to the extent that Plaintiffs have raised a wrongful foreclosure claim against Defendants, it should be dismissed. Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

       3.     <u>Fraud</u>

Plaintiffs' allegations include an attempt at a fraud claim against Defendants.  *See* Pls.' Compl. at ¶¶ 23, 37, 42, 49, 57, 59, 60, & 63 (Docket No. 1).  Defendants counter by arguing that Plaintiffs fail to plead the requisite elements to support a prima facie fraud claim – namely, that there are no allegations of an actionable misrepresentation, no allegations of justifiable

**REPORT AND RECOMMENDATION/ORDER - 8**

reliance upon any alleged misrepresentation, and no allegations establishing any ascertainable loss. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, pp. 8-11 (Docket No. 8, Att. 1).[7]

Plaintiffs offer no response to these arguments attacking the very nature of their prima facie fraud case. Therefore, to the extent that Plaintiffs have raised a fraud and/or fraudulent concealment claim against Defendants, it should be dismissed. Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

    4.    <u>TILA Violations</u>

Defendants seek to dismiss Plaintiffs' TILA violation claims as time-barred and inadequately pled. *See id*. at pp. 12-13. Specifically, Defendants claim that, notwithstanding a one and three-year limitations period for TILA damage and TILA recession claims respectively, Plaintiffs did not institute this action until more than four years after Plaintiffs' Deed of Trust was recorded. *See id*. at p. 12. Regardless, Defendants argue that Plaintiffs have not sufficiently alleged any facts establishing that Defendants violated TILA in any event. *See id*. at p. 13 ("Here, Plaintiffs plead <u>no specific details</u> regarding their loan and the accompanying disclosures. Plaintiffs do not allege which documents and disclosures they are purportedly missing or how they have been harmed as a result. They merely allege their 'mortgage documents [have] revealed *certain* disclosure violations' without stating what those violations are.") (emphasis in original).

Plaintiffs offer no response to these arguments. The particular dates of the events as alleged by Plaintiffs, when put into chronological order by Defendants, appear to raise

---

[7] Defendants also argue that any fraudulent concealment claim fails because Plaintiffs cannot establish the existence of any legal duty to produce the original note prior to foreclosure. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 11 (Docket No. 8, Att. 1).

**REPORT AND RECOMMENDATION/ORDER - 9**

dispositive statute of limitations barriers for Plaintiffs.  Therefore, to the extent that Plaintiffs have made a claim for TILA violations, it should be dismissed.  Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

     5.     <u>RESPA Violations</u>

Plaintiffs allege that BAC Home Loan Servicing, LP failed to respond to a "qualified written request" ("QWR") letter; therefore, Plaintiffs claim that Defendants committed RESPA violations.  *See* Pls.' Compl. at ¶¶ 19-28 (Docket No. 1).  Defendants, however, contend that Plaintiffs' correspondence did not constitute a legitimate QWR to which a response under RESPA is even required.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 15 (Docket No. 8, Att. 1).  Separately, Defendants point out that, to support a claim under RESPA (and assuming a valid QWR), Plaintiffs must assert that Defendants' alleged statutory breach(es) resulted in actual damages; yet, here, there are no specific allegations regarding how Plaintiffs were injured due to Defendants' alleged RESPA violations.  *See id*. at p. 16.

Plaintiffs offer no response to these arguments, which again contest the very existence of a prima facie case upon such a claim.  Therefore, to the extent that Plaintiffs have made a claim for RESPA violations, it should be dismissed.  Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

     6.     <u>FDCPA Violations</u>

Plaintiffs seem to assert FDCPA violations, stemming from a November 8, 2011 letter disputing the balance owed on Plaintiffs' loan, to which Defendants did not respond.  *See* Pls.' Compl. at ¶¶ 17-18 (Docket No. 1).  Defendants argue in response that, first, Defendants are not "debt collectors" under the FDCPA; and, second, even if Defendants could be considered debt

**REPORT AND RECOMMENDATION/ORDER - 10**

collectors on these facts, Plaintiffs' correspondence did not sufficiently constitute notice under the statute that their debt was disputed.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, pp. 16-18 (Docket No. 8, Att. 1).

Plaintiffs offer no response to these arguments.  Therefore, to the extent that Plaintiffs have made a claim for FDCPA violations, it should be dismissed.  Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

  7. <u>FCBA Violations</u>

For the same reasons supporting a potential claim for FDCPA violations, Plaintiffs similarly appear to bring a claim for FCBA violations.  *See* Pls.' Compl. at ¶¶ 17-18 (Docket No. 1).  Defendants argue that such a claim is also insufficiently pled because Plaintiffs' November 8, 2011 correspondence does not constitute a written notification highlighting a "billing error" as contemplated by the FCBA.   *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 18 (Docket No. 8, Att. 1) ("This general statement fails to provide any specific reason for Plaintiffs' belief that there was an error in the billing statement.  Further, the alleged 'billing error' is allegedly the entire balance of Plaintiffs' loan.").

Plaintiffs offer no response to these arguments.  Further, it is not sensible, on its face, that the accelerated amount allegedly owed after payment default is a "billing error" simply because Plaintiffs contest whether they owe anything at all.  Therefore, to the extent that Plaintiffs have made a claim for FCBA violations, it should be dismissed.  Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket No. 8) be granted in this respect.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Take Judicial Notice (Docket No. 9) is GRANTED.

**REPORT AND RECOMMENDATION/ORDER - 11**

## IV.  RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (Docket No. 8) be GRANTED.  Moreover, the undersigned recommends that U.S. District Judge Edward J. Lodge consider whether leave to amend is appropriate under the substantive and procedural circumstances presented by this case.  *See supra* at pp. 5.



DATED:  **September 9, 2011**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION/ORDER - 12**